UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. SANDS, | CASE NO.: 1:06-CR-00235-001 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

This matter comes before the Court upon Petitioner, Joseph A. Sands' ("Petitioner") Motion to the District Court to compel Mr. Maroney to correct all of the incorrect information listed in the petition contained in Mr. Sands' Presentence Investigation Report. (ECF #115). For the reasons set forth in the Memorandum below, Petitioner's Motion is denied.

I.  STATEMENT OF FACTS

On or about February 7, 2007, a guilty verdict was returned by a jury against Petitioner, Joseph A. Sands as to Count One of the indictment, charging him with possession of an unregistered firearm in violation of 26 §§ U.S.C. 5861(d), 5871 and 18 U.S.C. § 2. (ECF #64-65). Petitioner was then referred to Mr. Burton E. Maroney of the United States Probation Office for the preparation of a Presentence Investigation Report ("PSR"). On or about May 2, 2007, this Court sentenced Petitioner to a term of 120 months imprisonment for his underlying conviction based in part on the recommendations set forth in the PSR. (ECF #76). This sentence was to be served consecutively to a sentence imposed by the State Court for related activities. Mr. Sands

appealed his conviction and sentence to the Sixth Circuit Court of Appeals. The Court of Appeals affirmed his conviction but vacated his sentence and remanded for re-sentencing, finding that it had been error to impose consecutive terms of imprisonment for related activities. On remand, Petitioner was sentenced to an identical term of imprisonment, this time to run concurrent with his state sentence. He was then remanded to the custody of the Bureau of Prisons. To date, Petitioner remains incarcerated at Federal Correctional Institution, P.O. Box 4000, Manchester, KY 40962. Petitioner now seeks to alter parts of his PSR on the grounds that at least three items set forth in the report are incorrect, untruthful, and/or misleading:

> (1) Petitioner disputes statements located on page 89, paragraph 28 of the PSR that suggest that he caused the death of Mr. Thomas Williams. Petitioner alleges that he never physically touched or contacted Mr. Williams in any way and that his death was the result of a well-documented heart condition. (ECF #115);
>
> (2) Petitioner disputes statements located on page 18, paragraph 83 of the PSR that suggest that he suffers from mental health problems of any sort. (ECF #115);
>
> (3) Petitioner disputes statements located in paragraphs 61 and 67 of the PSR that suggest that Petitioner "possessed the items to make an unregistered explosive device" within the meaning 26 U.S.C. §§ 5861 and 5871. Due to the surrounding facts and circumstances, Petitioner alleges instead that, "by the way the statute reads... the only law broken is that [Petitioner] did not register to the National Firearms Registration and Transfer Records." (ECF #115).

Petitioner's requests are primarily based upon the law set forth in *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992) and 5 U.S.C. § 552(a) ("The Privacy Act"). *Sellers* held that § 552(a)(e)(5) and (g)(1)(C) of the Privacy Act required that each agency maintain records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to an individual, and that if any agency willfully or intentionally fails to maintain records in such a manner and, as a result makes a determination adverse to an individual, the agency will be liable to that person for money damages. *Sellers*, at 312. Accordingly, Petitioner seeks

alteration of his PSR based on the three alleged inaccuracies contained therein.

## II. LAW AND ARGUMENT

In order for Petitioner's Motion to be granted, the Court must find each of the following elements to exist:

(1) The Bureau of Prisons' (BOP) inmate record systems must be subject to the Privacy Act; and

(2) Petitioner must have suffered an adverse determination as a result of the alleged inaccuracies in his PSR; and

(3) The recovery sought must be for damages.

*Sellers,* at 312.

### A. THE BUREAU OF PRISONS HAS EXPLICITLY EXEMPTED THE INMATE CENTRAL RECORD SYSTEMS FROM THE PRIVACY ACT AND HAVE NO OBLIGATION TO CORRECT INACCURATE INFORMATION

Under 5. U.S.C. § 552(a)(j), Congress expressly authorized agencies to make exemptions to the Privacy Act. Pursuant to that authorization, the BOP has explicitly exempted the Inmate Central Record System that maintains Petitioner's PSR from the Privacy Act. *See* 28 C.F.R.§ 16.97(a)(4); *Urso v. Farley*, 2013 WL 5309111 at *2 (N.D. Ohio Sept. 19, 2013); *Locklear v. Holland*, 194 F.3d 131 (6th Cir. 1999) ("the BOP's inmate record systems are exempt from the access and amendment provisions of the Privacy Act"). As a result of the exemption, BOP has no obligation to correct any allegedly inaccurate information contained in Petitioner's PSR. *Wingo v. Farley*, 2013 WL 2151638 at *3 (N.D. Ohio May 16, 2013) (holding that the BOP is not required to correct plaintiff's PSR because the BOP's record system is exempt from the Privacy Act); *Taylor v. Sniezek*, 2005 WL 1593671 at *2 (N.D. of Ohio July 6, 2005) ("Neither *Sellers* nor the Privacy Act mandate that the BOP verify the accuracy of information or cease using that

information"). Therefore, Petitioner may not compel alteration of his PSR under *Sellers* or the Privacy Act.

### B. PETITIONER HAS NOT SUFFERED ANY ADVERSE DETERMINATION AS A RESULT OF THE ALLEGED INACCURACIES CONTAINED WITHIN HIS PRESENTENCE INVESTIGATION REPORT

Even if the BOP's inmate record systems were not explicitly exempt from the Privacy Act, Petitioner's Motion would still fail as a matter of law. Section (g)(1)(C) of the Privacy Act permits a civil action only when an agency fails to maintain accurate records *and consequently a determination is made which is adverse to the individual* (emphasis added). *See Sellers*, 959 F.2d at 312. To date, Petitioner has not alleged any adverse determination by the BOP and thus, has no basis to compel alterations of his PSR.

### C. THE PRIVACY ACT DOES NOT PERMIT THE INJUNCTIVE RELIEF REQUESTED BY PETITIONER

Further, even if the BOP *did not* explicitly exempt the inmate records system from the Privacy Act, and Petitioner *did* suffer an adverse determination resulting from the alleged inaccuracies contained within his PSR, Petitioner could not receive the injunctive relief requested through alteration of his PSR. Section 552a(g)(1)(C) of the Privacy Act permits only suits for *damages* resulting from violations of the statute, not injunctive relief (emphasis added). *See Locklear*, 194 F.3d 1313; *Taylor v. Sniezek*, 2005 WL 1593671 at *2 ("The Act permits only suits for damages for violations of this provision... the injunctive relief [petitioner] seeks for records that are not subject to amendment is, therefore, not available"). In sum, Petitioner has failed to satisfy any of the three elements set forth in *Sellers*.

### D. PETITIONER'S REQUEST IS UNTIMELY AND WOULD BE MORE EFFECTIVELY RESOLVED THROUGH ADMINISTRATIVE REMEDIES

Courts in other jurisdictions have also denied Motions for PSR alterations as a matter of prudence. Petitioner was originally sentenced over seven years ago and is only now seeking alteration of his PSR. *Cf. United States v. King*, 695 F.Supp. 1325, 1328 (D. Mass. 1988)(holding that the "window of opportunity for [petitioner to challenge the contents of his PSR closed long ago" because three years has passed since the petitioner was sentenced); *Diaz Torres v. United States*, 564 F.2d 617, 619 (1st Cir. 1977) ("Any other position would serve to encourage defendants serving lengthy sentences to lie back and wait, and to attack the basis of the sentencing after witnesses with relevant knowledge have died or otherwise become unavailable, or after pertinent records have become routinely destroyed ,lost or otherwise unavailable"); *United States v. Williams*, 618 F.Supp. 1419, 1420 (E.D. Va. 1985) ("A defendant's failure to request the resolution of a factual inaccuracy until months later has precisely the same defects... the court's memory simply cannot be depended upon"). The foregoing line of cases illustrate the practical difficulties of allowing Petitioner to use the courts to challenge the contents of his PSR at this late date. Court dockets are increasingly flooded with litigation, and to grant detainees the opportunity to challenge what is in their PSR, years after sentencing, would only serve to increase that docket load. Furthermore, Petitioner has more appropriate avenues to pursue PSR alterations. *See United States v. Engs*, 884 F.2d 894, 897 (5th Cir. 1989) ("there are other ways to correct erroneous PS[R] assertions" including the Parole Commission, National Appeals Board, and the Administrative Remedy Procedure created by the Bureau of Prisons); *United States v. Boyce*, 2013 WL 74706 at *2 (D. Conn. Jan 7, 2013) ("A defendant is entitled to challenge the

contents of his PSR through adminstrative channels"). Accordingly, Defendant cannot compel Mr. Maroney or the Bureau of Prisons to alter his PSR.

### III. CONCLUSION

For all of the foregoing reasons, Petitioner's Motion is hereby, DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *July 22, 2015*